No. 25-3062

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| CORY W. CALHOUN, | ) | Appeal from the United States |
| | ) | District Court for the Central |
| Plaintiff-Appellant, | ) | District of Illinois |
| | ) | |
| v. | ) | |
| | ) | No. 3:25-cv-3026-DJQ |
| STEPHANIE HOWARD; WEXFORD | ) | |
| HEALTH SOURCES, INC.; DIANA | ) | |
| LANGDON; and RAYMOND BARRA, | ) | The Honorable |
| | ) | DOUGLAS J. QUIVEY, |
| Defendants-Appellees. | ) | Magistrate Judge Presiding. |

**STATE DEFENDANT-APPELLEE'S**
**RESPONSIVE DOCKETING STATEMENT**

The docketing statements submitted by Plaintiff-Appellant Cory W. Calhoun, 7th Cir. Docs. 13, 14, are not complete and correct. Pursuant to 7th Cir. R. 3(c)(1), State Defendant-Appellee Stephanie Howard provides this statement.

1. Calhoun, an inmate in the custody of the Illinois Department of Corrections ("Department") filed a *pro se* complaint in the district court under 42 U.S.C. § 1983 claiming that the Department; Department employees Steven Campbell and Howard; Wexford Health Sources, Inc. ("Wexford"); and a Jane Doe administrator (later identified as Diana Langdon) and John Doe dentist (later identified as Raymond Barra) employed by Wexford violated his rights under the Eighth Amendment to the United States Constitution. Doc. 1; *see also* Text Order of May 29, 2025 (identifying Barra); Doc. 48 (identifying Langdon). The district court

screened the complaint under 28 U.S.C. § 1915A and determined that Calhoun stated Eighth Amendment deliberate indifference claims against Barra and Wexford. Doc. 7 at 7. The district court dismissed Calhoun's other claims without prejudice for failure to state a claim. *Id.*

2. On April 8, 2025, Calhoun and Wexford consented in writing to having a magistrate judge conduct all proceedings in this action and order the entry of final judgment under 28 U.S.C. § 636(c)(1). Doc. 19 at 1. The record does not show that Barra ever consented in writing to referral to a magistrate judge under section 636(c)(1), but, as discussed below, *infra* ¶ 5, he impliedly consented through his "conduct during [the] litigation," *Roell v. Withrow*, 538 U.S. 580, 582 (2003). The record also does not show that Campbell, Howard, Langdon, or the Department consented in writing to a section 636(c)(1) referral, but their consent was not required because the claims against them were dismissed by "a district judge." *Marion HealthCare, LLC v. S. Ill. Hosp. Servs.*, 41 F.4th 787, 790 (7th Cir. 2022); *see also infra* ¶¶ 4-7 (discussing claims against Howard and Langdon in later amended complaint). On April 9, 2025, the district court referred the matter to a magistrate judge to conduct all proceedings and order the entry of final judgment under section 636(c)(1). Doc. 20 at 1.

3. The magistrate judge granted Calhoun leave to file an amended complaint under 42 U.S.C. § 1983. Text Order of Apr. 14, 2025. The amended complaint claimed that Barra, Howard, Langdon, and Wexford violated Calhoun's Eighth Amendment rights. Doc. 23. The magistrate judge screened the complaint

under 28 U.S.C. § 1915A and determined that the amended complaint stated Eighth Amendment deliberate indifference claims against Barra, Howard, Langdon, and Wexford. Doc. 32 at 8. The district court had subject matter jurisdiction over Calhoun's action under 28 U.S.C. § 1331 because it raised a federal question.

4. Although the record does not show that Barra, Howard, or Langdon consented in writing to the section 636(c)(1) referral to the magistrate judge, each nonetheless provided the necessary consent.

5. Barra and Langdon impliedly consented to the referral. Implied consent exists where "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the [m]agistrate [j]udge." *Roell*, 538 U.S. at 590; *accord, e.g.*, *Bostic v. Murray*, 160 F.4th 831, 838-39 (7th Cir. 2025). Barra, Langdon, and their counsel were "made aware of the need for consent." *Roell*, 538 U.S. at 590. Before referring the case, the district court posted a notice and consent form that explained that section 636(c)(1) referrals are "permitted only if all parties voluntarily consent" and that a party "may, without adverse substantive consequences, withhold [its] consent." Doc. 16-1 at 2. Barra and Langdon's counsel, who also represented Wexford, Docs. 11, 41, 46, used that form to consent on Wexford's behalf to the section 636(c)(1) referral, Doc. 19 at 1. And Barra and Langdon thereafter "voluntarily appeared to try the case before the [m]agistrate [j]udge," *Roell*, 538 U.S. at 590, including by filing answers and moving for summary judgment, Docs. 42, 43, 48, 49. That litigation conduct "suppl[ied] the consent necessary . . . under [section] 636(c)(1)." *Roell*, 538 U.S. at 591.

6. Howard also provided the necessary consent for two reasons. First, she impliedly consented: although Calhoun did not have any pending claims against her at the time the district court posted the notice and consent form, those documents' presence on "[t]he docket sheet put [Howard] on notice" of the rules governing consent after Calhoun amended his complaint to reinstate his claim against her. *In re Delta Produce, L.P.*, 845 F.3d 609, 617 (5th Cir. 2016) (applying principle in bankruptcy context). And Howard "voluntarily appeared to try the case before the [m]agistrate [j]udge," *Roell*, 538 U.S. at 590, including by filing an answer and moving for summary judgment, Docs. 60, 62.

7. Second, as this docketing statement confirms, Howard "always intended to consent to proceeding before the magistrate judge," and her "inadvertent failure to file [her] consent was due to late entry into the case after [it] had been reassigned to the magistrate judge." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). This docketing statement "remedie[s] th[at] failure" by "manifest[ing] [Howard's] consent." *Id.*; *accord, e.g.*, *Marion HealthCare*, 41 F.4th at 790 ("post-argument memorandum" in this court sufficient to provide "express consent"). The parties thus provided the necessary consent for the magistrate judge to conduct all proceedings and order the entry of final judgment under section 636(c)(1).

8. On October 23, 2025, the magistrate judge granted summary judgment under Fed. R. Civ. P. 56 to Barra, Howard, Langdon, and Wexford and dismissed each of Calhoun's claims without prejudice, Doc. 63 at 9, thereby disposing of all claims against all parties. That same day, a separate judgment order was entered on

the district court docket pursuant to Fed. R. Civ. P. 58. Doc. 64. Although the judgment reflected that the district court and magistrate judge had dismissed Calhoun's claims without prejudice, *id.*, that fact does not affect the judgment's finality because the magistrate judge signaled that he "was finished with the case" by ordering the entry of a separate judgment, *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016); *see* Doc. 63 at 9. No motion to alter or amend the judgment was filed.

9. On or before October 31, 2025, Calhoun filed a notice of appeal by depositing it in his prison's internal mail system, as evidenced by the postmark on the envelope containing the notice of appeal. Doc. 65 at 4; Fed. R. App. P. 4(c)(1)(A)(ii); *Saxon v. Lashbrook*, 873 F.3d 982, 986-87 (7th Cir. 2017). The notice of appeal was timely under 28 U.S.C. § 2107(a) and Fed. R. App. P. 4(a)(1)(A) because it was filed within 30 days of the judgment's entry. This court has jurisdiction over plaintiff's appeal from a final judgment under 28 U.S.C. § 1291.

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ R. Sam Horan
R. SAM HORAN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-0797 (office)
(312) 405-5354 (cell)
Richard.Horan@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I certify that on July 6, 2026, I electronically filed the foregoing State Defendant-Appellee's Responsive Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that one other participant in this appeal, named below, is a CM/ECF user and will be served via the CM/ECF system.

Julie A. Teuscher
jteuscher@cassiday.com

I further certify that the other participant in this appeal, named below, is not a CM/ECF user, and thus was served by placing a copy of the foregoing document in an envelope bearing proper prepaid postage and directed to the address indicated below, and depositing the envelope in a box designated for the United States mail at 115 South LaSalle Street, Chicago, Illinois 60603, before 5:00 p.m. on July 6, 2026.

Cory W. Calhoun, B27404
Jacksonville Correctional Center
2268 East Morton Avenue
Jacksonville, IL 62650

/s/ R. Sam Horan
R. SAM HORAN
Assistant Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 793-0797 (office)
(312) 405-5354 (cell)
Richard.Horan@ilag.gov